# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Justin Smith** | : | |
| 5016 Heath Gate Drive | : | |
| New Albany, Ohio 43054 | : | Case No. _____ |
| | : | |
| and | : | |
| | : | |
| **J & A Smith Enterprises Inc.** | : | |
| **dba Martinizing Dry Cleaning** | : | |
| c/o Justin Smith, S/A | : | |
| 5016 Heath Gate Drive | : | |
| New Albany, Ohio 43054 | : | |
| | : | |
| Plaintiff, | : | Judge: _____ |
| | : | |
| v. | : | |
| | : | |
| **Martinizing International, LLC** | : | |
| 2060 Coolidge Highway | : | |
| Berkley, Michigan 48072 | : | |
| | : | |
| Serve also: | : | |
| c/o K Dino Kostopoulus, S/A | : | |
| 550 W Merrill Street, Suite 100 | : | |
| Birmingham, Michigan 48009 | : | |
| | : | |
| c/o KMK Service Corp., S/A | : | |
| One East 4th Street, Suite 1400 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

NOW COMES Plaintiffs Justin Smith ("Mr. Smith") and J & A Smith Enterprises Inc. dba Martinizing Dry Cleaning ("J&A") (Mr. Smith and J&A may be collectively referred to hereinafter as "Plaintiffs"), by and through its counsel, and for its Complaint against Defendant Martinizing International, LLC ("Defendant"), hereby alleges, states, and avers as follows:

1. Mr. Smith is an individual and resident within Franklin County, Ohio.

1

2. J&A is an Ohio corporation with its principal place of business location within Franklin County, Ohio. J&A was formed by Mr. Smith in anticipation of operating the Franchised Businesses (as defined herein) under the name of J & A Smith Enterprises Inc. dba Martinizing Dry Cleaning.

3. Upon information and belief, Defendant is a Michigan limited liability company and is authorized to conduct business in the State of Ohio.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

6. Upon information and belief, Defendant has developed systems for, *inter alia*, operating retail dry cleaning and laundry stores, pick-up and delivery services for dry cleaning laundry, and related services (the "Services").

7. Defendant grants a license to prospective franchisees for the right to offer Defendant's Services, and use Defendant's proprietary systems, name, and procedures (the "Franchise System"), at various retail storefront locations throughout Ohio and other states (individually, a "Franchised Business", and if more than one, "Franchised Businesses"). In exchange, Defendant charges the franchisee a franchise fee, and Defendant assists franchisee in obtaining a to-be-determined franchise location to operate the Franchised Business.

8. In or around October and November of 2018, representatives of Defendant met with Mr. Smith on numerous occasions regarding Martinizing Franchise opportunities, and solicited Mr. Smith to purchase two Franchised Businesses.

9. Effective December 31, 2018, Mr. Smith and Defendant entered into an Initial Franchise Agreement (the "Initial Agreement") and a Second Franchise Agreement (the "Second Agreement"), in which Defendant agreed to license to Mr. Smith the right to offer the Services and use the Franchise System under two Franchised Businesses, both to be located in Franklin County, Ohio. The Initial Agreement and Second Agreement were thereafter amended by virtue of the Amendment to the Franchise Agreements (the "Amendment") effective December 31, 2018. The Initial Agreement, the Second Agreement, and the Amendment may be collectively referred to hereinafter as the "Agreement". Copies of the Agreement are not attached hereto because they are voluminous and because, upon information and belief, Defendant is in possession of the same.

10. Mr. Smith formed J&A to be the "Franchisee Entity" in accordance with the Agreement.

11. Pursuant to the Agreement, Mr. Smith obtained the right to offer and provide the Services, use the Franchise System, and operate two Franchised Businesses.

12. The Services and Franchise System were supplied by Defendant to Mr. Smith in preparation of Mr. Smith obtaining Franchise Locations (as defined below).

13. Plaintiffs were required to pay an initial payment of over $84,500.00 to Defendant (the "Franchise Fee") for his right to offer the Services, use the Franchise System, and to begin operations of the two Franchised Businesses.

14. Plaintiffs paid the Franchise Fee to Defendant, and began searching for retail storefront locations to operate the Franchise Businesses (the "Franchise Locations").

15. Plaintiffs incurred additional costs in excess of $50,000.00 for marketing fees, consultant fees, and other similar fees in anticipation of opening and operating the Franchised Businesses.

16. Plaintiffs obtained additional funding in anticipation of opening and operating the Franchised Businesses in order to financially support the same once opened.

17. Defendant made representations to Mr. Smith that it would provide assistance in establishing Franchise Locations for Mr. Smith's two Franchised Businesses.

18. Mr. Smith has expended significant time and effort for over two years in obtaining the Franchise Locations; however, no Franchise Locations have become readily and reasonably available, and Defendant has failed and refuses to assist Mr. Smith in obtaining the Franchise Locations as promised.

19. Due to Mr. Smith's inability to obtain Franchise Locations, and Defendant's false promises, Mr. Smith is entitled to a recission of the Agreement and reimbursement of the Franchise Fee; however, Defendant has refused to return the Franchise Fee to Mr. Smith.

20. Defendant made representations to Mr. Smith concerning potential sales, income, and profit of the Franchised Businesses, and the potential to earn a profit in excess of the Franchise Fee.

21. Defendant made representations to Mr. Smith that there was a buy-back arrangement for Mr. Smith's purchase.

22. Defendant made representations to Mr. Smith that there is a market for the Services to be offered.

23. Defendant made representations to Mr. Smith as to the timeframe in successfully obtaining the Franchise Locations.

24. Defendant made representations to Mr. Smith that Defendant would provide training, operation manuals, and other materials related to the Services to further assist Mr. Smith in obtaining, opening, and operating the Franchised Businesses.

25. Based on Defendant's representations, Mr. Smith was induced into executing the Agreement and paying the Franchise Fee.

26. In addition to Defendant's misrepresentations, Defendant's various acts and omissions complained herein violate Ohio's Business Opportunity Purchasers Protection Act (BOPPA) at R.C. § 1334.

## COUNT I – VIOLATIONS OF R.C. § 1334

27. Plaintiffs incorporate the preceding paragraphs and allegations as if fully rewritten herein.

28. Defendant sold two Franchised Businesses to Mr. Smith, and thus, Defendant is a "seller" as defined under BOPPA at R.C. § 1334.01(A).

29. Mr. Smith purchased two Franchised Businesses to Mr. Smith, and thus, Mr. Smith is a "purchaser" as defined under BOPPA at R.C. § 1334.01(B).

30. The Agreement relating to Mr. Smith's purchase, and Defendant's sale, of the Franchised Businesses is a "business opportunity plan" as defined under BOPPA at R.C. § 1334.01(D).

31. Defendant failed to provide a proper disclosure statement to Mr. Smith as required by R.C. § 1334.02.

32. Defendant made oral and written representations to Mr. Smith concerning potential sales, income, and profit which do not comply with the requirements of R.C. § 1334.03(A).

33. Defendant made false and misleading statements to Mr. Smith and engaged in deceptive and unconscionable practices in their dealings with Mr. Smith, in violation of R.C. 1334.03(B).

34. Defendant made representations to Mr. Smith that were inconsistent with those required by R.C. § 1334.02, in violation of R.C. § 1334.03(C).

35. Defendant has failed to maintain a complete set of books, records, and accounts with respect to the Franchised Businesses sold to franchisees.

36. Defendant failed to comply with the "Notice of Cancellation" requirements under R.C. 1334.06(B) and (C), in violation of the same.

37. Defendant failed to provide Mr. Smith a completed "Notice of Cancellation" form, in duplicate, as required by R.C. § 1334.06(B) and (C).

38. Defendant failed to include in the Agreement Mr. Smith's right to cancel the Agreement and the required detachable form, in violation of R.C. § 1334.05.

39. Defendant failed to comply in all material respects of the necessary disclosure requirements and prohibitions concerning franchising under 16 C.F.R. 436 and/or 16 C.F.R. 437.

40. Defendant failed to comply with the requirements under R.C. 1334.06(D), including, but not limited to:

(i) Defendant failed to integrate into the Agreement all material statements, representations, and promises made orally to Mr. Smith prior to the execution of the Agreement, concerning the potential sales, income, and profit of the Franchised Businesses;

(ii) Defendant included in the Agreement a waiver of rights to which Mr. Smith is entitled to under R.C. §§ 1334.01 to 1334.15.

(iii) Defendant failed to include in the Agreement Mr. Smith's right to cancel the Agreement in accordance with R.C. § 1334.05.

(iv) Defendant failed to inform Mr. Smith orally, at the time the Agreement was signed, of Mr. Smith's right to cancel the Agreement.

(v) Defendant misrepresented to Mr. Smith of his rights to cancel the Agreement.

(vi) Defendant failed to refund Mr. Smith all payments made by Mr. Smith under the Agreement.

(vii) Defendant failed to cancel the Promissory Note, which was included in the Amendment and attached hereto.

41. As a direct and proximate result of Defendant's actions, inactions, and violations of R.C. § 1334, Plaintiffs have suffered damages in an amount in excess of $140,000.00 to be more particularly determined at trial.

42. Pursuant to R.C. § 1334.09, Mr. Smith is entitled to rescind the Agreement, and recover the sum of the Franchise Fee paid to Defendant, recover up to three times the amount of actual damages incurred by Mr. Smith, and recovery of reasonable attorney fees incurred, all of which to be more particularly determined at trial.

## COUNT II – FRAUDULENT INDUCEMENT

43. Plaintiffs incorporate the preceding paragraphs and allegations as if fully rewritten herein.

44. Defendant represented and promised to Mr. Smith that Defendant would assist in obtaining the Franchise Locations for Mr. Smith's Franchised Businesses.

45. Defendant misrepresented to Mr. Smith that the Franchise Locations would be obtainable in Ohio shortly after paying the Franchise Fee.

46. Defendant misrepresented to Mr. Smith the timing of which Mr. Smith would successfully obtain the Franchise Locations for the Franchised Businesses paid for.

47. Defendant represented to Mr. Smith that he would obtain the Franchise Locations within six to eight months of executing the Agreement.

48. Defendant made representations to Mr. Smith concerning potential sales, income, and profit, as well as the potential to earn a profit in excess of the Franchise Fee paid.

49. Defendant misrepresented to Mr. Smith his rights to cancel the Agreement.

50. Defendant misrepresented to Mr. Smith that the Agreement met the requirements of R.C. § 1334 and/or 16 C.F.R. 436 and 437.

51. Defendant made representations to Mr. Smith that Defendant would provide training, operation manuals, and other materials related to the Services to further assist Mr. Smith in obtaining, opening, and operating the Franchised Businesses.

52. Defendant made representations to Mr. Smith regarding the Columbus, Ohio area being a great market to easily obtain Franchise Locations within six to eight months of executing the Agreement.

53. Defendant's misrepresentations are material to the Agreement, the Franchised Businesses, the Franchise Fee, and the damages suffered by Mr. Smith for Defendant's fraud.

54. Defendant's misrepresentations to Mr. Smith were made falsely, with knowledge of the falsity, or alternatively with such utter disregard as to whether the representations were true or false that knowledge was inferred.

55. Defendant intended to mislead Plaintiffs into paying the Franchise Fee, all the while Defendant had no intentions of keeping its promises, nor assist Mr. Smith in obtaining the Franchise Locations for the Franchised Businesses paid for.

56. Defendant induced Mr. Smith into executing the Agreement and paying the Franchise Fee, all the while Defendant had no intentions of keeping its promises, nor assist Mr. Smith in obtaining the Franchise Locations for the Franchised Businesses paid for.

57. Defendant further misled and induced Plaintiffs into paying additional expenses for marketing and consulting fees in anticipation of obtaining the Franchise Locations.

58. Defendant's misrepresentations alleged herein occurred prior to Mr. Smith's execution of the Agreement on December 31, 2018.

59. On multiple occasions during October through December of 2018, Mr. Smith met with numerous sales and regional representatives of Defendant, along with the Vice President of Operations, who made these alleged misrepresentations prior to the execution of the Agreement, payment of the Franchise Fee, and other fees.

60. These representatives of Defendant met with Mr. Smith in person in Ohio, and via telephone on numerous occasions during October through December of 2018.

61. Plaintiffs justifiably relied on Defendant's promises and representations, but were misled and induced to execute the Agreement and pay Defendant the Franchise Fee and other fees, with the belief that Mr. Smith would obtain the Franchise Locations for the two Franchise Businesses before or within six to eight months from execution of the Agreement, in addition to believing that Defendant would assist him in obtaining the Franchise Locations as represented and promised.

62. To Plaintiffs' detriment in relying on Defendant's promises and representations, Mr. Smith executed the Agreement and Plaintiffs paid Defendant the Franchise Fee and other fees; however, now more than two years later, Mr. Smith has been unable to obtain the Franchise Locations as promised, and Defendant has failed and continues to refuse to assist Mr. Smith in obtaining the same.

63. As a direct and proximate result, Plaintiffs were damaged, and continue to be damaged, by Defendant's misrepresentations and fraud, in an amount in excess of $140,000.00 to be more particularly determined at trial.

64. Mr. Smith continues to be damaged by Defendant's fraudulent misrepresentations, and Mr. Smith further entitled to punitive damages and reasonable attorney's fees as a result of Defendant's fraud.

## COUNT III – PROMISSORY ESTOPPEL

65. Plaintiffs incorporates the preceding paragraphs and allegations as if fully rewritten herein.

66. At all times relevant herein, Defendant repeatedly represented to Mr. Smith that it would assist Mr. Smith in obtaining the Franchise Locations for the two Franchised Businesses paid for.

67. Defendant represented to Mr. Smith that the timing of which Mr. Smith would successfully obtain the Franchise Locations would occur within six to eight months of executing the Agreement.

68. Defendant made representations to Mr. Smith concerning potential sales, income, and profit, as well as the potential to earn a profit in excess of the Franchise Fee paid.

69. Mr. Smith's reliance was reasonable and foreseeable.

70. In reliance of Defendant's representations, Plaintiffs paid Defendant the Franchise Fee, believing that Franchise Locations would be obtained within six to eight months of signing the Agreement, and with the belief that Defendant would provide assistance in Mr. Smith's search for the Franchise Locations, as promised.

71. In reliance on Defendant's continued misrepresentations about assisting Mr. Smith in obtaining Franchise Locations, Plaintiffs have also paid marketing fees, consultant fees, and other necessary fees in order to obtain Franchise Locations.

72. In anticipation of obtaining the Franchise Locations, Mr. Smith has expended an immense amount of time, effort, and money to open and begin operations of the Franchised Businesses.

73. Defendant has failed and refused to assist Mr. Smith in obtaining the Franchise Locations as promised.

74. Mr. Smith has not received a Franchise Location for either Franchised Business within the timeframe represented by Defendant, and in effect, has not received any sales, income, or profit from his purchase of the Franchised Businesses, as promised.

75. Defendant has failed to refund Plaintiffs the Franchise Fee paid to Defendant, and continue to refuse assistance in obtaining the Franchise Locations for Mr. Smith, as promised.

76. As a direct and proximate result of Defendant's actions, inactions, and misrepresentations, Plaintiffs have been damaged, and continue to be damaged, in an amount in excess of $140,000.00 to be more particularly determined at trial.

### COUNT IV – DECLARATORY JUDGMENT

77. Plaintiffs incorporates the preceding paragraphs and allegations as if fully rewritten herein.

78. Real and actual controversies within this Court's jurisdiction exist as to Plaintiffs' claims, including, but not limited to, Mr. Smith's right to cancel the Agreement, the voidable and unenforceable clauses within the Agreement, the various acts and omissions complained of herein in violation of BOPPA, and recovery of damages for Defendant's violations of Ohio's BOPPA.

79. This Court has authority to enforce Mr. Smith's rescission of the Agreement and refund of the Franchise Fee paid by Plaintiffs to Defendant.

80. This Court has authority to determine the venue, jurisdiction, and choice of law clauses within the Agreement are void and unenforceable pursuant to R.C. § 1334.06(E).

81. This Court has authority to determine the various acts or omissions of Defendant complained herein violate Ohio's BOPPA under R.C. § 1334.

82. In accordance with the foregoing, Plaintiffs are entitled to a declaratory judgment that: Mr. Smith had a right to cancel the Agreement and recover damages including, but not limited to, the Franchise Fee paid to Defendant; the venue, jurisdiction, and choice of

law clauses within the Agreement are void and unenforceable; the various acts or omissions of Defendant complained of herein violate Ohio's BOPPA under R.C. § 1334; and Plaintiffs are entitled to, at the very least, damages against Defendant pursuant to R.C. § 1334.

**WHEREFORE**, Plaintiffs hereby pray for judgment as follows:

I. As to Count I, judgment in favor of Plaintiffs against Defendant Martinizing International, LLC for damages in an amount in excess of $140,000.00, along with treble damages, costs, expenses, and attorney's fees, all to be more particularly determined at trial;

II. As to Count II, judgment in favor of Plaintiffs against Defendant Martinizing International, LLC for damages in an amount in excess of $140,000.00, along with treble damages, costs, expenses, and attorney's fees, all to be more particularly determined at trial;

III. As to Count III, judgment in favor of Plaintiffs against Defendant Martinizing International, LLC for damages in an amount in excess of $140,000.00, along with costs, expenses, and attorney's fees, all to be more particularly determined at trial;

IV. As to Count IV, declaratory judgment that: Mr. Smith had a right to cancel the Agreement and recover damages; the venue, jurisdiction, and choice of law clauses within the Agreement are void and unenforceable; the various acts or omissions of Defendant complained of herein violate Ohio's BOPPA under R.C. § 1334; and Plaintiffs are entitled to, at the very least, damages against Defendant pursuant to R.C. § 1334;

V. For such other relief to which Mr. Smith may be entitled in equity or at law.

Respectfully submitted,

*/s/ Jordan T. Benson*
Timothy E. Miller (0036736)
Jordan T. Benson (0097738)
**Isaac Wiles & Burkholder, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215
T: 614-221-2121 | F: 614-365-9516
tmiller@isaacwiles.com
jbenson@isaacwiles.com
*Attorneys for Plaintiffs Justin Smith and*
*J & A Smith Enterprises Inc. dba Martinizing*
*Dry Cleaning*